NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

24-63

STATE OF LOUISIANA

VERSUS

LARRY PRIMEAUX, SR.

**********

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 22-K-0768-B
HONORABLE ADAM GERARD CASWELL, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
CHIEF JUDGE

**********

Court composed of Elizabeth A. Pickett, Charles G. Fitzgerald, and Wilbur L. Stiles, Judges.

AFFIRMED.

Jim Holt
Holt Law Firm
4720 North Boulevard
Baton Rouge, LA 70806
(225) 272-1400
COUNSEL FOR DEFENDANT- APPELLANT:
    Larry Primeaux, Sr.

Chad Patrick Pitre
District Attorney, 27th JDC
Kathleen E. Ryan, Assistant District Attorney
P.O. Box 1968
Opelousas, LA 70571
(337) 948-3041
COUNSEL FOR APPELLEE:
    State of Louisiana

**PICKETT, Chief Judge.**

## FACTS

On August 5, 2022, the state filed a bill of information charging the defendant, Larry Primeaux, Sr., with nine sex offenses. On October 10, 2023, the state filed an amended bill containing five counts: two counts of sexual battery, in violation of La.R.S. 14:43.1; two counts of molestation of a juvenile, in violation of La.R.S. 14:81.2; and one count of indecent behavior with a juvenile, in violation of La.R.S. 14:81.

This matter was tried before a jury. At the conclusion of a two-day trial, the jury found defendant guilty of all counts. Evidence at trial indicated that the defendant rubbed the vaginal areas of two minor victims A.L. and F.L., his step-granddaughters, under their clothes but over their underwear. Further, the defendant made one victim perform indecent acts upon him. The district court sentenced the defendant on November 9, 2023. The defendant was sentenced as follows: on Count 1, Sexual Battery of a victim under the age of thirteen – serve thirty-five years at hard labor of which the first twenty-five years are without the benefit of probation, parole, or suspension of sentence; on Count 2, sexual battery of a victim under the age of thirteen – serve thirty-five years at hard labor of which the first twenty-five years are without the benefit of probation, parole, or suspension of sentence; on Count 3, molestation of a juvenile under the age of thirteen – serve thirty-five years at hard labor of which the first twenty-five years are without the benefit of probation, parole, or suspension of sentence; on Count 4, molestation of a juvenile under the age of thirteen – serve thirty-five years at hard labor of which the first twenty-five years are without benefit of probation, parole, or suspension of sentence; and on Count 5, indecent behavior with a juvenile –

serve fifteen years at hard labor with the first five years without the benefit of probation, parole, or suspension of sentence. The sentences for Counts 1 and 4 were ordered to run concurrently. The sentences for Counts 2, 3, and 5 were ordered to run concurrently with one another, but consecutively to the sentences on Counts 1 and 4.

Defendant now appeals, assigning three errors.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find there are no errors patent.

## ASSIGNMENTS OF ERROR

1. The District Court erred in not granting Primeaux's objection at trial, to the admission of A.L.'s videotaped interview, due to A.L. being seventeen years old at the time of said interview and thus not a "protected person" pursuant to La. Rev. Stat. 15:440.2(C)(1).

2. The District Court erred in not granting Primeaux's objection at trial, to the admission of the videotaped interviews of A.L. and F.L., due to said interviews not being "supervised" by the law enforcement officer who "observed" said interviews, pursuant to La. Rev. Stat. 15:440.4(A)(5).

3. Counsel for Primeaux was ineffective, at trial, by not subpoenaing a doctor to interpret Primeaux's medical records.

## ASSIGNMENT OF ERROR NUMBER ONE

In his first assignment of error, the defendant asserts that the district court should have sustained his objection to the admission of victim A.L.'s recorded video interview. He specifies that A.L. was seventeen years old at the time of the interview and so was not a "protected person" for purposes of La.R.S. 15:440.2.

The state replies that the assignment lacks merit because it did not introduce the recorded interview at trial. Thus, the jury did not view it. In a reply brief, the

2

defendant acknowledges the jury did not view the recorded interview. In his closing argument at trial, he stated that no videos had been introduced. However, he now argues that the fact the state mentioned the interview in its opening statement unduly prejudiced his case. The defendant cites no law to support his argument. Further, his argument merely suggests the state's "opening statements may have influenced" the jury. This argument is speculative. In its opening, the state told the jury it would see the forensic interviews, but the jury did not see them. This fact could just as easily have hurt the prosecution of the case in the jury's eyes.

For the reasons discussed, this assignment lacks merit.

## ASSIGNMENT OF ERROR NUMBER TWO

In his second assignment of error, the defendant argues that the district court should have granted his objection to the videotaped interviews of the victims, as the interviews were not "supervised" as required by La.R.S. 15:440.4(A)(5). As in the first assignment of error, the state notes the videotapes were not entered into the evidence or viewed by the jury. In his reply brief, the defendant repeats his argument that the state mentioned the interviews in its opening and that the state's remarks may have influenced the jury.

This assignment lacks merit for the same reasons discussed under the first assignment.

## ASSIGNMENT OF ERROR NUMBER THREE

In his third and final assignment of error, the defendant argues that his trial counsel was ineffective for failing to subpoena a doctor to interpret the defendant's medical records. The district court stated the defendant could not interpret the records himself. The defendant took the stand in his own defense and introduced

3

his medical records regarding prostate surgery. He testified that after surgery, he suffered from erectile dysfunction. On cross-examination, the defendant acknowledged that his health issues did not affect his hands or his tongue.

In his initial brief, the defendant notes that A.L. testified that during one of the incidents at issue, the defendant's penis was erect. He argues that evidence of his erectile dysfunction went to A.L.'s credibility. Also, he claims that a doctor could have interpreted the medical records as indicative of the defendant having such a low sex drive that he lacked the necessary mens rea to commit the crime.

The state points out that ineffective assistance of counsel claims are usually reviewed in the post-conviction relief process. However, this court has recently stated: "'A claim of ineffectiveness is generally relegated to post-conviction, unless the record permits definitive resolution on appeal.' *State v. Bright*, 98-398, p. 41 (La. 4/11/00), 776 So.2d 1134, 1157." *State v. Suydam*, 23-475, p. 20 (La.App. 3 Cir. 2/28/24), 381 So.3d 867, 880. The *Suydam* court also explained the basic analysis for ineffective assistance of counsel claims:

> To establish an ineffective assistance of counsel claim, a petitioner must show that: (1) his defense counsel's performance was deficient, which requires a showing that counsel's errors were so serious that he failed to function as that "counsel" guaranteed by the Sixth Amendment; and (2) the deficient performance so prejudiced the defense that the defendant was deprived of a fair trial, which is one "whose result is reliable." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Both showings must be made before it can be found that the defendant's conviction "resulted from a breakdown in the adversary process that render[ed] the trial result unreliable." *Id.*

*Id.* (quoting *State v. Deville*, 22-350, p. 23 (La.App. 3 Cir. 11/23/22), 354 So3d. 99, 112).

There is sufficient evidence in the record to assess the argument. As detailed in the procedural history, the bulk of the defendant's criminal conduct shown in

4

this case involved rubbing the minor victims' vaginal areas over their underwear with his fingers. The possibility that the defendant may have erectile dysfunction is irrelevant to the bulk of the criminal conduct at issue. Also, it is not clear that the physical deficit involved in erectile disfunction has any bearing on the psychological matter of mens rea. The defendant's assertion that he had erectile dysfunction was known to the jury, as he testified to that effect in open court.

Further, the defense counsel discussed the defendant's alleged erectile dysfunction in closing argument, and the state responded on rebuttal, with both referring to the defendant's medical records. As the state observed in rebuttal, a doctor's report dated May 9, 2017 shows that the defendant denied having erectile dysfunction. The state makes similar points in its argument before this court. It acknowledges the defendant checked a box for erectile dysfunction on another medical form printed in October of 2017. However, the state points out that the crimes at issue were alleged to have happened between August 2015 and May 2017.

A.L. testified that when the defendant guided her hand to rub his penis over his clothes, she was nine or ten years old. At the first day of trial on October 24, 2023, A.L. testified she was nineteen years old. Also, she testified that she was eleven years old in August of 2015. Thus, the incidents at issue would have occurred in 2013 or 2014. In its close, the state indicated that the acts in which the defendant moved A.L.'s hand to his penis were charged under Count III. In the amended bill of information, the date range for Count III is August 2015 through May 10, 2017.

Although there are discrepancies among these various date ranges, none lend any relevance to the defendant's trial testimony that he was sexually impotent,

especially in light of his May 9, 2017 claim, shown in medical documents he submitted, that he was not impotent. Therefore, the defendant fails to demonstrate that he was unduly prejudiced by his trial counsel's failure to utilize a medical expert at trial.

For the reasons discussed, this assignment of error lacks merit.

## <u>CONCLUSION</u>

The convictions and sentences are affirmed.

**AFFIRMED.**

**This opinion is NOT DESIGNATED FOR PUBLICATION.**
Uniform Rules—Courts of Appeal, Rule 2–16.3.